Kelly v. New York State Civil Service Commission

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand sixteen.

PRESENT:
>           ROSEMARY S. POOLER,
>           PETER W. HALL,
>           SUSAN L. CARNEY,
>                   *Circuit Judges.*

---

James F. Kelly,

>           *Plaintiff-Appellant*,

v.                                                                          15-1062

New York State Civil Service Commission, Jerry Boone, in His Official Capacity as President of the New York State Civil Service Commission, Patricia A. Hite, in Her Official Capacity as Past Acting President of the New York State Civil Service Commission, Caroline W. Ahl, in Her Official Capacity as Commissioner of the New York State Civil Service Commission, Dennis J. Hanrahan, in His Official Capacity as Commissioner of the New York State Civil Service Commission,

>           *Defendants-Appellees*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | James F. Kelly, pro se, Hyde Park, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Eric T. Schneiderman, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Anisha S. Dasgupta, Deputy Solicitor |

General; Philip V. Tisne, Assistant Solicitor
General, New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant James F. Kelly, proceeding pro se, appeals from the district court's judgment dismissing his claims that the defendants violated 42 U.S.C. § 1983, the Age Discrimination in Employment Act of 1967 ("ADEA"), and state law by enforcing New York Civil Service Law § 58(1)(a), and its order denying reconsideration of that decision. Although Kelly's notice of appeal explicitly identifies only the district court's order denying reconsideration, his intent to appeal both the dismissal and reconsideration orders is clear from the face of his notice of appeal. *New Phone Co. v. City of N.Y.*, 498 F.3d 127, 131 (2d Cir. 2007). Accordingly, we consider his challenge to both orders. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the grant of a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013); *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002). Denials of motions for reconsideration are reviewed for abuse of discretion. *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008). We liberally construe Kelly's pro se submissions as raising the strongest arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Upon review, we conclude that the district court correctly determined that the Eleventh Amendment shields the defendants from Kelly's Section 1983 and ADEA claims. The Eleventh Amendment precludes suits against states and state agencies unless the state expressly waives its

immunity or Congress abrogates that immunity. *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002). "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns." *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (internal quotation marks omitted). The Commission is an instrumentality of New York State. *See Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015). Although suits against state officers acting in their official capacities that seek prospective injunctive relief to prevent a continuing violation of federal law are authorized under *Ex Parte Young*, 209 U.S. 123 (1908), the district court correctly concluded that *Young* does not apply here. The state officer against whom prospective relief is sought "must have some connection with the enforcement of the act" that violates federal law. *Id.* at 154; *see also In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005). That requirement is not satisfied here. In addition, *Young* does not allow a federal court to issue an injunction for a violation of state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

We have considered all of Kelly's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3